Bowler v. Counts et al                                                                                                Doc. 2

```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
          ROANOKE DIVISION
```

| | |
|---|---|
| JOSEPH BOWLER,<br>    Plaintiff, | Civil Action No. 7:05-cv-00709 |
| v. | **MEMORANDUM OPINION** |
| C/O COUNTS, et al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Joseph Bowler, a Virginia inmate acting pro se, submits several handwritten documents that the court construes as a civil rights complaint, pursuant to 42 U.S.C. §1983.[1] Bowler lists numerous officers at Red Onion State Prison (ROSP), and lists a number of constitutional violations, with no facts offered in support. In an attachment to the primary complaint form, Bowler also alleges that on November 12, 2005, they tried to poison him by placing soap in his tea. They have also told him that he will get food loaf instead of regular meals for 14 days and that he will not get showers or recreation. He also vaguely alleges that in the past, the defendants have threatened to harm him and have refused him medical treatment for unidentified medical problems. Bowler seeks monetary damages. Upon review of the record, the court concludes that Bowler's complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

Bowler has not prepaid the $250.00 filing fee required in civil actions and apparently seeks to proceed in forma pauperis. Court records indicate that Bowler has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Bowler v. Braxton, 7:03-cv-00652 (W.D. Va. December 3, 2003); Bowler v. Young, 7:03-cv-00231 (W.D. Va. April 7, 2003); Bowler v. Young, 7:03-cv-00148 (W.D. Va. March 6, 2003). Therefore, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis in this court unless he demonstrates that he is in imminent danger of physical

---

[1] Bowler has filed numerous complaints under § 1983, all of which are closed at this time.

Dockets.Justia.com

harm related to his claims.

A prisoner may invoke the imminent danger exception to the §1915(g) "three strikes" provision only to seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). In order to qualify for the imminent danger exception, the prisoner must at least raise a <u>credible allegation</u> that he is in imminent danger of serious physical harm. White v. State of Colorado, 157 F.3d 1232 (10th Cir. 1998). Allegations that the inmate has faced danger or suffered harm in the past are insufficient to trigger the §1915(g) exception. See Abdul-Akbar, 239 F.3d 307 (being sprayed once with pepper spray not imminent danger).

Bowler's allegations in his current complaint do not raise a credible allegation that he is currently in imminent danger of suffering physical harm related to any of his vague allegations against the named defendants in this action. He does not explain how he will suffer serious physical harm from eating food loaf instead of meals or going without showers or recreation for a mere 14 days.[2] His other complaints concern past events, and Bowler does not allege facts indicating any likelihood that similar events will cause him serious physical harm in the future. Thus, Bowler fails to allege facts sufficient to satisfy the "imminent danger" requirement for <u>in forma pauperis</u> under §1915(g). Therefore, the court will deny Bowler's request to proceed <u>in forma pauperis</u>. As Bowler is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will dismiss this action without prejudice. An appropriate order shall be issued this day. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This ___ day of November, 2005.

                                                                         _____
                                                                         Senior United States District Judge

---

[2] Moreover, as to these recent events, Bowler does not allege facts indicating that he exhausted administrative remedies as required under 42 U.S.C. § 1997e(a) before filing a prisoner civil action.